# CIRCUIT COURT OF THE CITY OF RICHMOND

R. A. Creecy

 v.

`City of Richmond

 Case No. LC-1620

T. E. Price, Jr.

 v.

City of Richmond

 Case No. LC-1621

R. C. E. Anderson

 v.

City of Richmond

 Case No. LC-1622

B. E. Lindsay

 v.

City of Richmond

 Case No. LC-1623

500

W. K. Taylor

v.

City of Richmond

Case No. LC-1692

July 21, 1997

BY JUDGE T. J. MARKOW

These appeals involve the same issue and will be decided together. While considered together, the grievants complain of the failure to promote to different positions and from different positions. The positions are not considered important in the analysis of the grievance.

Each grievant is an employee of the City's Fire Department. In 1995 the department considered promotions for various positions which were vacant. The prescribed procedure was followed and resulted in each grievant making the "eligible list" for the promotion being sought.

By letters to each grievant in early May 1995, then chief, Ronald C. Lewis, stated "you have been selected for a promotion to the position of ...." The letter announced that a promotional ceremony would be held about ten days later. The promotions were announced to the entire department.

The day before the promotional ceremony, the chief sent each grievant another letter stating that "Due to City Council's Amendments to the City Manager's Budget on Wednesday, May 10, 1995, the Fire Department was cut an additional $50,000! The pending promotions and resultant reassignments are hereby postponed until further notice."

The department now plans to fill the positions but claims that the process must begin anew with the development of a new "eligible list." Grievants complain that this would be an unfair application of promotional policies or procedures. The Department of Human Resources and Employee Relations held that the complaints are not grievable. The court disagrees.

Each grievant has stated facts which established that he was promoted to an available position. None of the promotions was ever rescinded or withdrawn.

The appointing authority simply determined to postpone the promotion until funding was available.

A fact finder could find that it would be an unfair application of promotion policies and procedures to require persons who had successfully competed for and won promotions to have to repeat the process as if the first process never occurred.

If determined to be unfair, it will be up to the fact finder to fashion an appropriate remedy; as for example, a simple declaration that, when the slots for promotion become available, they be filled by the persons whose promotions to those positions were placed on hold. This example is meant to address the City's argument that because the fact finder cannot order a promotion, the matter is not grievable. It is not meant to limit the fact finder's alternatives.