# CIRCUIT COURT OF THE CITY OF RICHMOND

Timothy S. Brandon

v.

City of Richmond

Case No. LP-728-1

Jeffery Kirk Dawes

v.

City of Richmond

Case No. LP-729-1

Ramon D. Hardy, Jr.

v.

City of Richmond

Case No. LP-730-1

Sylvester I. Henderson

v.

City of Richmond

Case No. LP-731-1

Alfred D. Holmes

v.

City of Richmond

Case No. LP-732-1

Donald J. Horton

v.

City of Richmond

Case No. LP-733-1

Gregory M. Johnson

v.

City of Richmond

Case No. LP-734-1

Clarence E. Lewis, III

v.

City of Richmond

Case No. LP-735-1

George L. McCall

v.

City of Richmond

Case No. LP-736-1

Kent Taylor

v.

City of Richmond

Case No. LP-737-1

Steven L. Turpin

v.

City of Richmond

Case No. LP-738-1

Tina Watkins

v.

City of Richmond

Case No. LP-739-1

August 20, 2002

BY JUDGE MELVIN R. HUGHES, JR.

In these cases, twelve firemen of the City of Richmond Fire Department, after filing grievances, have appealed to this court challenging the City's determination that their complaints are not grievable and thereby do not qualify for hearings before the City's Personnel Board.

In each case, the City found that under Section 7.5(iv) of the City's Personnel Rules for the Classified Service, each complaint is non grievable because a failure to promote is only grievable when the employee shows that the established promotional policies were not followed or applied fairly.

In 2001, the City hired a consultant to conduct testing and assessment for promotions for the fire department. Subsequently, another consultant was

hired to evaluate the process. The second consultant found flaws in the process, which led to the City's decision to cancel the program. Relying on that part of the above referenced personnel rule, which makes promotional matters grievable, the firemen pursued their grievances through all the necessary steps.

The parties differ over whether the process concluded with an eligibility list. The Personnel Rule on this reads:

> *Establishment of Eligible Lists — The agency conducting the recruitment* shall establish and maintain eligible lists for all positions to which appointments are to be made except as otherwise provided by these rules. Candidates who are ranked highest on the eligible list will be certified for interviews. Selections will be based on the most qualified candidates. Documentation supporting the selection criteria will be maintained within the recruiting agency and a copy shall be sent to Human Resources. *A copy of the eligible list shall be submitted to the Department of Human Resources within ten (10) calendar days of completion.*

According to the firemen, after testing, the City actually compiled a list and sent letters to the applicants notifying them of their rankings, leaving to be done interviews and selection of those to be promoted. The City, on the other hand, advises that no list was ever "establish[ed]". Rather, all applicants were notified individually reporting their scores and ranking without the later essential steps of score adjustment and review by City administrators for certification before an eligibility list could be deemed "establish[ed]."

The court takes the view that the process had not sufficiently crystallized or ripened to trigger promotions such that a promotion policy can be said to be established. Only then can a promotion issue be grievable under the cited rule.

The cases at bar are unlike *Creecy v. City of Richmond*, 42 Va. Cir. 499 (1997), a case relied on by the firemen, where the fire chief had written letters to firemen stating "you have been selected for a promotion to the position of" and then the City said the process would have to begin anew. Here, I cannot conclude that the promotional policy was established nor was an eligibility list determined from which promotions to be positions would then be made. These cases are non-grievable.